**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Travis A. Michel, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Bismarck Police Department | ) |
| "Detective Clarkson" | ) |
| | )   Case No. 1:16-cv-414 |
|       Defendants. | ) |

This matter is now before the court for an initial screening as mandated by § 1915A. For the reasons set forth below, it is recommended that the above-entitled action be dismissed.

**I.    BACKGROUND**

Michel alleges the following in his complaint:

> Detective Clarkson wrongfully arrested me and lied In his Affidavit stating he read text message from Casey Seidel & Angie Michel stating "I allegidally stabbed and cut Casey Seidel" Pictures of texts show no such thing. Also arrested me Sept 25th on a Sunday. Had not seen or talked to Casey He arrested me on a false reports my sister made. He gets pictures from Casey 3 days later when my sister called detective Clarkson. He knowingly let her go without a statement and knowing she had felony warrants He watched her drive off with no liscense in a truck he claimed had no battery & flat tire witch he claimed I moved a stole battery. Also she received no medical attention. They can't find Casey Seidel my attorney hired a P.I. They can't find Casey Seidel and to top it off Detective Clarkson executed Search warrant on my motor home and took knives I had human blood which happens to be my blood on knife. Yet I'm still being held wrongfully and accused, with no evidence. Sister wrote report on hearsay. No witnesses seen or heard anything

Docket No. 2 (errors in original). He seeks the following relief:

> Would like court to please grant this. Stop people form being wrongfully accused and imprisoned & to make sure Detectives and Officers do their jobs right. And to stop arresting people and then trying to build a case against someone cause they don't like or have something against them cause they have a record. Wich I greatfuly regret & wich Im trying to have a good life be a good person, a father &

1

family member, Thank you.

Id. (errors in original).

Michel was incarcerated at the Mercer County Jail at the time he initiated this action in early December 2016.[1] He was subsequently transferred to the Burleigh County Jail. See Docket No. 7. His current whereabouts are unknown, however; mail sent by the Clerk's office to Michel at Burleigh County Jail on December 19, 2016, was returned as undeliverable on December 28, 2016, see Docket Nos. 12 and 13, and Michel has not updated his mailing address.

## II.	STANDARD GOVERNING INITIAL REVIEW

The Prison Litigation Reform Act of 1995 ("PLRA") requires an initial court screening of all civil actions brought by prisoners that relate to prison conditions or that seek redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The screening is required even when the prisoner has paid the filing fee. Lewis v. Estes, Case No. 00–1304, 242 F.3d 375 (table); 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (unpublished *per curiam*). The purpose of the screening requirement is to weed out claims that clearly lack merit with the hope that this will help to lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often are frivolous and without merit. Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In conducting the screening, the court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

---

[1] The "Certificate of Inmate Accounts and Assets" attached to Michel's application to proceed in forma pauperis was signed by a Captain in the Mercer County Sheriff's office. Docket No. 1-1.

2

Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading requirements. Jones v. Bock, 549 U.S. at 211-12. Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*).

The court is obligated to construe a *pro se* complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). This does not mean that the court must accept everything or anything that is filed by *pro se* prisoners, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). And, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x 591, 592, 2011 WL 2184269, *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2007) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that

offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58.

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases).

## III. DISCUSSION

### A. Application of the Younger Abstention Doctrine

This action appears to arise out of state criminal investigation and/or prosecution of Michel, the status of which is unknown. It is well established that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger v. Harris, 401 U.S. 37, 43-44 (1971); see also Ploufe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010) ("The Younger abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising

4

jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding."). In this case, what Michel has alleged is not sufficient for this court to take the drastic action of intervening in a state criminal matter.

The fact that Michel may subject to an investigation and endure state criminal proceedings does not constitute irreparable harm for purposes of the Younger abstention doctrine. See Lewellen, 843 F.2d at 1109 (citing Younger, 401 U.S. at 46, for the proposition that the requisite threatened injury must be more than simply "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution."). Further, there is no basis for concluding that Michel will not be able to pursue the federal constitutional issues relevant to his state prosecution in the state courts. Consequently, this court should abstain from addressing the evidentiary issues raised in his complaint.

### B.     Alternative Basis for Dismissal

The mailing address the court has for sending Michel filings in this case is that of the Burleigh County Detention Center. As noted above, mail sent to Michel at the Burleigh County Detention Center is being returned as undeliverable. Thus, Michel is presumably no longer residing at the Burleigh County Detention Center and one can reasonably anticipate that any mail sent to Michel at this address in the future will be returned as undeliverable. Accordingly, if the copy of the Report and Recommendation mailed to Michel at the Burleigh County Detention Center is returned as undeliverable and Michel has not provided the court with updated contact information by the time the mailing is returned, the undersigned recommends that this action be dismissed without prejudice.

**IV.	RECOMMENDATION**

Based on the foregoing, the undersigned **RECOMMENDS** that the above-entitled action be dismissed without prejudice.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 12th day of January, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court